UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BUC-EE'S, LTD. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:13-cv-640 |
| | § | |
| RAY V. HANSEN, JACKSON T. FULHAM, AND CHICKS DEVELOPMENT GROUP, LLC, D/B/A CHICKS, | § § § § | JURY REQUESTED |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION
FOR PRELIMINARY AND PERMANENT INJUNCTION**

Plaintiff, Buc-ee's, Ltd. ("Buc-ee's") files this Original Complaint and Application for Preliminary and Permanent Injunction against Defendants Ray V. Hansen, Jackson T. Fulham, and Chicks Development Group, LLC d/b/a Chicks.

**I.
NATURE OF ACTION**

1.  This is a civil action to (i) temporarily and permanently enjoin acts of the following: trade dress infringement under 15 U.S.C. § 1125(a), statutory trademark infringement under 15 U.S.C. § 1114, violations of the Texas Anti-Dilution Statute, Texas Business and Commerce Code § 16.29, common law trademark infringement, unjust enrichment, unfair competition and misappropriation; and (ii) recover damages, profits, treble damages or profits, attorneys' fees, and costs.

2.  This case involves Defendants advertising, promoting, and actively constructing a new convenience store in Bryan/College Station, Texas, to be named "Chicks" that attempts to

copy the concept, design, and trade dress of Plaintiff's convenience stores. Defendants' actions are creating, and will continue to cause, confusion in the marketplace because their infringing store design copies the look and feel of Buc-ee's stores, and the Defendants are marketing their business using a "Chicks" logo that infringes on the federally registered trademarks of Buc-ee's. As the United States Supreme Court recognized in *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992), protectable trade dress includes the shape and general appearance of an establishment, including the decor, the menu and other features reflecting on the total image. Defendants' conduct is unlawful and Plaintiff seeks the full range of remedies provided by law.

3. Defendants have infringed and diluted Plaintiff's trade dress rights developed and used by Plaintiff in connection with the operation of its convenience stores. Defendants have also attempted to unfairly compete by the intentional and unauthorized use of Plaintiff's trade dress. Finally, Defendants have copied and usurped the trademarks that make Buc-ee's stores immediately identifiable and unique.

## II.
## JURISDICTION AND VENUE

4. This Court possesses subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. § 1051 et seq., and 28 U.S.C. §§ 1331, 1338(a). The Court also possesses supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. §§ 1338 and 1367.

5. The Court possesses personal jurisdiction over the parties, and venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## III.
## PARTIES

6. Plaintiff Buc-ee's, Ltd. is a Texas limited partnership with its principal place of business at 327 FM 2004, Lake Jackson, Texas 77566.

7. Defendant Ray V. Hansen is an individual and may be served with process at his primary residence at 5313 Green Tree Rd., Houston, TX 77056.

8. Defendant Jackson T. Fulham is an individual and may be served with process at his primary residence at 4249 Rock Bend Dr., College Station, TX 77845.

9. Defendant Chicks Development Group, LLC ("Chicks") is a Texas limited liability company and may be served with process by serving its registered agent Ray V. Hansen at Mr. Hansen's primary residence at 5313 Green Tree Rd., Houston, TX 77056.

## IV.
## FACTUAL BACKGROUND

10. Over the last three decades, Buc-ee's has offered quality convenience store services and merchandise to the public under the Buc-ee's brand and Buc-ee's beaver logo through facilities providing a distinctive overall commercial impression or appearance (hereinafter the "Buc-ee's Trade Dress"). As a result of such use, Buc-ee's has become a household name across Texas and other states. Buc-ee's started as a single convenience store in Lake Jackson, Brazoria County, Texas, and has grown to twenty-seven stores operating across Texas.

11. Buc-ee's has established its footprint across the State, operating in such cities as New Braunfels, Bastrop, Madisonville, Luling, and of course Lake Jackson. Buc-ee's has prided itself in providing premium goods and services to its customers, standing by its motto of "Clean, Friendly, and In Stock.$^{SM}$" The original iconic Buc-ee's trademarks have been in continuous service since July 1, 1982.

    **A.**    **The Buc-ee's Marks**

12. On March 23, 2010, and August 2, 2011, Buc-ee's registered BUC-EE'S with the United States Patent and Trademark Office under Registration Numbers 3763277 and 4007063. On May 29, 2007, and August 2, 2011, Buc-ee's registered the Buc-ee's beaver logo with the United States Patent and Trademark Office under Registration Numbers 3246893 and 4007064.

13. Buc-ee's uses its distinctive marks in connection with the marketing and sale of its goods and services, including among other items, retail gasoline, t-shirts, mugs, general merchandise, novelties, stuffed animals, and food products. The beaver logo consists of a smiling buck-toothed beaver with a red heart-shaped tongue on a yellow circle wearing a red hat pointing to the right (hereinafter the "Beaver Mark"). The Beaver Mark is as follows:



14. The artistic font used in BUC-EE'S is also distinct, with rounded and curved lettering (hereafter the "BUC-EE'S Mark"). The BUC-EE'S Mark is as follows:

**BUC-EE'S**

15. Buc-ee's also uses other combinations of the Beaver Mark and BUC-EE'S Mark in the promotion of its business, and all of the trademarks are of significant value to Buc-ee's (hereinafter the Beaver Mark and BUC-EE'S Mark shall be referred to collectively as the "BUC-EE'S Marks"). When used in combination, the BUC-EE'S Marks appear as follows:



B.    **The Buc-ee's Trade Dress**

16.    As the United States Supreme Court recognized in *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992), protectable trade dress includes the shape and general appearance of a business and restaurant, including the decor, the menu, and other features reflecting on the total image of the facility. The Buc-ee's Trade Dress was designed to provide customers with a unique, rustic, Texan-themed appearance that is both suggestive of Texas-living and, at the same time, distinctive to Buc-ee's and which differentiates Buc-ee's from other convenience store providers.

17.    The features of the Buc-ee's Trade Dress that help distinguish the Buc-ee's convenience stores (and thereby help to identify and distinguish the Buc-ee's convenience stores from the stores of others) include, but are not limited to, the following:

(a)    Consistent use of bell-gabled roof lines;

(b)    Use of a red, white, yellow and black color scheme in store signage;

(c)    Use of stone siding on the exterior of the store;

(d)    Consistent use of a specific and distinctive fountain drink set up in the interior of the stores;

  (e)  In-store computer ordering kiosks;

  (f)  Horse-shoe shaped in-store carving stations;

  (g)  Open counter deli stations;

  (h)  Freshly prepared signature food choices;

  (i)  Consistent, prominent use of the BUC-EE'S Marks in signage above and on the products offered for sale;

  (j)  Large square footage;

  (k)  Numerous fuel pumps;

  (l)  Abundant and oversized parking spaces;

  (m)  Oversized bathrooms;

  (n)  A multitude of cashier stations;

  (o)  Entrances from three of the four sides of the building.

  (p)  Antique-looking displays;

  (q)  Country-themed signage; and

  (r)  Khaki paint colors.

  18.  The features of the Buc-ee's Trade Dress together with the overall presentation of goods and services combine to yield a distinctive concept that suggests a Texas-themed simplicity and welcoming vibe that distinguishes the Buc-ee's stores from other competing convenience stores.

  19.  Buc-ee's has expended considerable effort and money advertising and promoting its unique convenience store experience, products and services under its distinctive trade dress and concept.

20. As a result of such efforts, the products and services of Buc-ee's offered under the Buc-ee's Trade Dress and concept have become favorably accepted by the consuming public, and the Buc-ee's Trade Dress is recognized as a designation of the quality convenience store services and products offered by Buc-ee's under the Buc-ee's Trade Dress.

21. Buc-ee's has, through such efforts, developed enormous goodwill in the Buc-ee's Trade Dress and concept. The Buc-ee's Trade Dress and concept, and the goodwill associated with the Buc-ee's Trade Dress and concept, are valuable property rights of Buc-ee's.

### C. Defendants' Unlawful Actions

22. In February of 2013, Buc-ee's received inquiries from vendors and customers asking whether Buc-ee's was aware of the Chicks convenience store that was advertising on the Internet. Upon further investigation, Buc-ee's went to the website http://www.mychicksstore.com/ and learned that it was being operated by Chicks at the direction of Defendants Fulham and Hansen.

23. On information and belief, Defendants intended the Chicks logo to be a copy of, or at the very least suggestive of, the Buc-ee's logo. Below is a copy of Chick's logo compared to the BUC-EE'S Marks:



24.     Defendants' anthropomorphic and cartoon representation of the chickens as shown above in connection with a convenience store copies the most important aspects of the iconic BUC-EE'S Marks.  Specifically, besides Defendants' improper use of friendly smiling cartoon animals, Defendants have copied the BUC-EE'S Marks with: (i) the use of a black circle encompassing the chickens (compare to the black circle around the beaver), (2) use of a yellow background (compare to the yellow surrounding the beaver), (3) use of the red-colored cockscomb on the heads of the chickens (compare to the red hat on the beaver), (4) prominent use of sharply drawn black edges for the chicken mascots (compare to the sharp crisp black edges defining the beaver, and (5) the use of six letters in raised and lowered block font in the name "CHICKS" (compare to six letters and block font of BUC-EE'S ).

25.     On information and belief, Defendants also plan to utilize a trade dress purposely similar to and reminiscent of the Buc-ee's Trade Dress, which will be confusingly similar to or likely to cause confusion with the Buc-ee's Trade Dress.  Moreover, the convenience store Defendants plan to open is within close proximity of a Buc-ee's store located in Bryan/College Station and will share the same client base.

26. The following non-exhaustive list of the many elements of what appears to be the Chicks trade dress that simulates the Buc-ee's Trade Dress demonstrates the copying by Defendants of the Buc-ee's Trade Dress:

(a) Use of a red, white, yellow and black color scheme in store signage;

(b) Use of a pointed-roofing design substantially similar to that employed by Buc-ee's;

(c) Use of stone siding;

(d) Use of khaki paint;

(e) Use of a specific fountain drink set up that, by description, emulates that of Buc-ee's;

(f) Large square footage;

(g) Numerous fuel pumps;

(h) Abundant and oversized parking spaces;

(i) Oversized bathrooms;

(j) A multitude of cashier stations;

(k) Entrances from three of the four sides of the building;

(l) Freshly prepared signature food choices; and

(m) Prominent use of the animal-themed logos and marks depicted in identical color schemes to those of the BUC-EE'S Marks in store signage.

27. On information and belief, Defendants also copied the Buc-ee's Trade Dress when preparing their website, which includes descriptions of the Chicks store and offerings therein reminiscent of Buc-ee's unique, rustic, Texas-themed look and feel.

28. Defendants' blatant copying of the Buc-ee's Trade Dress show that Defendants' actions are willful, knowing, and committed with the intent of benefiting from the goodwill and

concept of Buc-ee's and the Buc-ee's Trade Dress and will cause Defendants' store and the goods and services offered by Defendants to be likely to be confused or mistaken for those of Buc-ee's.

29.     Defendants' intentional and unauthorized actions further constitute infringement and dilution of the BUC-EE'S Marks and an attempt to unfairly compete in violation of Federal and State law, and constitute statutory and common law trademark infringement and dilution and unfair competition.

### D.    Injury to Buc-ee's

30.     Defendants' unauthorized use of a trade dress confusingly similar to the Buc-ee's Trade Dress will allow Defendants to receive the benefit of the goodwill built up at the great labor and expense by Buc-ee's in the Buc-ee's Trade Dress, and further will allow Defendants to gain acceptance for their convenience store services and products based not on their own merits, but on an association with the reputation and goodwill of Buc-ee's.

31.     Defendants' unauthorized use of a trade dress confusingly similar to the Buc-ee's Trade Dress constitutes an invasion of Buc-ee's valuable property rights in a manner that unjustly enriches Defendants.

32.     Defendants' use of a trade dress confusingly similar to the Buc-ee's Trade Dress falsely indicates to the purchasing public that the Defendants and/or their convenience store services and products are in some manner connected with, sponsored by, affiliated with, or related to Buc-ee's and/or its convenience store services and products.

33.     Use by Defendants of a trade dress confusingly similar to the Buc-ee's Trade Dress places the valuable reputation and goodwill of Buc-ee's in the hands of Defendants, over whom Buc-ee's has no control.

34. The above-mentioned activities of Defendants are likely to cause confusion, or to cause mistake, or to deceive customers or potential customers wishing to purchase services or products sponsored by, associated with, or affiliated with Buc-ee's.

35. This action is being brought to prevent any further infringement and dilution of Buc-ee's intellectual property rights under federal and Texas law and to compensate Buc-ee's for the harm caused by Defendants' willful actions.

## V.
## COUNT I -- FEDERAL TRADE DRESS AND TRADEMARK INFRINGEMENT UNDER 15 U.S.C. SECTION 1125(A)

36. Buc-ee's incorporates the allegations set forth in Sections I through IV, *supra*.

37. The acts of Defendants complained of above constitute a false designation of origin and false representation in commerce in violation of 15 U.S.C. § 1125(a). Defendants' use of a trade dress confusingly similar to the Buc-ee's Trade Dress falsely represents that Defendants are licensed or sponsored by Buc-ee's, or that Defendants are in some manner affiliated with Buc-ee's.

38. Defendants' infringing conduct has been willful, making this an exceptional case under 15 U.S.C. § 1117.

39. Defendants have infringed and continue to infringe the BUC-EE'S Marks, which are federally registered. Defendants' actions are in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Because of Defendants' infringement, Buc-ee's has been injured and damaged, and is entitled to recover damages, profits, and cost pursuant to 15 U.S.C. § 1117.

40. Defendants are using the BUC-EE'S Marks with full knowledge of Buc-ee's rights, and in bad faith and willful and deliberate intent to trade on Buc-ee's substantial recognition, reputation, and goodwill. In view of the willful nature of Defendants' infringement and unfair competition, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## VI.
## COUNT II - FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. SECTION 1125(A)

41. Buc-ee's incorporates the allegations set forth in Sections I through V, *supra*.

42. Defendants, in connection with goods or services or any container for goods, used in commerce words, terms, names, symbols, devices, or any combination thereof a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Buc-ee's with Defendants, or as to the origin, sponsorship, or approval of Defendants' use of the Buc-ee's Trade Dress, in violation of 15 U.S.C. § 1125(a).

43. Defendants' unauthorized use of the Buc-ee's Trade Dress has had, and unless restrained, will continue to have the consequent result of saturating and overwhelming the market, thereby causing Buc-ee's to lose the value of its trade dress, cause damage to Buc-ee's integrity, and cause Buc-ee's to lose control over its goodwill and reputation

## VII.
## COUNT III -- COMMON LAW INFRINGEMENT

44. Buc-ee's incorporates the allegations set forth in Sections I through VI, *supra*.

45. The acts of Defendants complained of above constitute common law trademark infringement under state common law.

## VIII.
## COUNT IV – COMMON LAW UNFAIR COMPETITION

46. Buc-ee's incorporates the allegations set forth in Sections I through VII, *supra*.

47. The acts of Defendants complained of above constitute common law unfair competition under state common law.

## IX.
## COUNT V – FEDERAL AND STATE UNFAIR COMPETITION AND STATE DILUTION

48.     Buc-ee's incorporates the allegations set forth in Sections I through VIII, *supra*.

49.     Buc-ee's asserts causes of action for unfair competition pursuant to 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act) as well as pursuant to Texas common law. Additionally, Buc-ee's asserts a cause of action for dilution pursuant to Texas Business & Commerce Code § 16.29.

50.     Defendants' acts complained of above are likely to injure Buc-ee's business reputation or to dilute the distinctive quality of the Buc-ee's Trade Dress.

51.     Defendants' unauthorized activities are likely to weaken or otherwise jeopardize Plaintiff's highly valuable rights. Pursuant to Federal Law and Texas Business & Commerce Code § 16.29, Buc-ee's is entitled to bring this action to enjoin Defendants from injuring Buc-ee's business reputation or diluting the distinctive quality of the BUC-EE's Marks and the Buc-ee's Trade Dress.

52.     Buc-ee's will be irreparably injured unless such action is enjoined by this Court as provided by Texas law.

53.     Defendants' dilution has been willful, making this case eligible for an award of exemplary damages under Texas law.

## X.
## MISAPPROPRIATION

54.     Buc-ee's incorporates the allegations set forth in Sections I through IX, *supra*.

55.     The acts of Defendants complained of above constitute misappropriation in violation of the laws of the State of Texas.

# XI.
# APPLICATION FOR
# PRELIMINARY AND PERMANENT INJUNCTION

56. Buc-ee's incorporates the allegations set forth in Sections I through X, *supra*.

57. There is a substantial likelihood that Buc-ee's will prevail on its claims against Defendants, based on Defendants' unlawful use of the Buc-ee's Trade Dress in connection with the promotion and sale of retail convenience store items.

58. Defendants' actions complained of above are jeopardizing, and, if allowed to proceed, will continue to jeopardize the goodwill of Buc-ee's in its valuable name, concept, and trade dress. Such acts have caused, are causing and will continue to cause, irreparable injury to Buc-ee's and the consuming public, and the threatened injury outweighs any hypothetical damage that the proposed injunction may cause Defendants. Finally, the public interest favors the issuance of an injunction in this case.

59. Unless the acts of Defendants complained of above are restrained by this Court, they will be continued and will continue to cause irreparable injury to Buc-ee's and to the public, for which there is no adequate remedy at law.

60. Buc-ee's seeks a preliminary injunction against Defendants, prohibiting them from any and all use of the Buc-ee's Trade Dress, any of the BUC-EE'S Marks, and any other Buc-ee's marks, names and/or logos that are confusingly similar in name, typeface, font, color, or appearance to the Buc-ee's Trade Dress, the BUC-EE'S Marks, or any other Buc-ee's marks, names and/or logos, or any derivation thereof directly or indirectly, for itself, or through, on behalf of, or in conjunction with the sale or offer of any convenience store items by Defendants until further order from this Court.

61. Buc-ee's is willing to post bond in an amount to be determined by the Court.

## XII.
## TRIAL BY JURY

62.     Buc-ee's hereby requests a trial by jury.

## XIII.
## PRAYER

For the reasons stated above, Plaintiff prays that this Court:

(a)     enter a temporary restraining order and a preliminary and permanent injunction prohibiting Defendants and their respective officers, directors, agents, servants, employees, attorneys, related companies, licensees, and all persons acting for, with, by, through, and under any of them, from any and all use of the Buc-ee's Trade Dress, the BUC-EE'S Marks, and any other Buc-ee's marks, names and/or logos, or any derivation thereof directly or indirectly, for itself, or through, on behalf of, or in conjunction with the sale or offer of any convenience store products or services by Defendants;

(b)     enter judgment in favor of Buc-ee's for actual and statutory damages in an amount to be determined by the Court, to that such damages be trebled to the extent the trier of fact determines that any of Defendants acts are found to be willful and in intentional disregard of Buc-ee's known rights;

(c)     enter judgment in favor of Buc-ee's for Defendants' profits, pursuant to 15 U.S.C. § 1117;

(d)     award Buc-ee's all costs of the action and reasonable attorneys' fees pursuant to the provisions of 15 U.S.C. § 1117; and

(e)     award such other relief as the Court deems appropriate.

| | |
|---|---|
| Dated: March 8, 2013 | By */s/ Charles S. Baker*<br>Charles S. Baker<br>Texas Bar No.  01566200<br>csbaker@fulbright.com<br>**FULBRIGHT & JAWORSKI L.L.P.**<br>Fulbright Tower<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010<br>Telephone: 713-651-5151<br>Fax: 713-651-5246<br><br>**ATTORNEYS FOR PLAINTIFF<br>BUC-EE'S, LTD.** |

OF COUNSEL:
Charles B. Walker, Jr.
Texas Bar No.  00794808
cwalker@fulbright.com
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010


Jeffery Frank Nadalo
State Bar No. 24041559
Federal Bar No. 36803
Elizabeth Lieb
State Bar No. 24050153
Federal Bar No. 1716036
327 FM 2004
Lake Jackson, Texas 77566
Telephone: 979-230-2950
Fax: 979-230-2951